Matter of Acevedo v Citibank N.A. (2025 NY Slip Op 05449)

Matter of Acevedo v Citibank N.A.

2025 NY Slip Op 05449

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Ind. No. 802892/21|Appeal No. 4864|Case No. 2024-02920|

[*1]In the Matter of Celinda Acevedo, et al., Petitioners-Appellants,
v
Citibank N.A., Respondent-Respondent.

Law Offices of G. Oliver Koppell & Associates, New York (Daniel F. Schreck of counsel), for appellants.
Zeichner Ellman & Krause LLP, New York (Yoav M. Griver of counsel), for respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about March 29, 2024, which granted respondent's motion to compel arbitration, denied petitioner's application for class certification, and dismissed the proceeding as moot, unanimously affirmed, without costs.
Petitioners commenced a special proceeding against Citibank for alleged violations under the Exempt Income Protection Act (EIPA). Citibank later moved to compel arbitration and stay the proceeding pending determination of its motion.
Supreme Court correctly granted respondent's motion to compel arbitration. Relying on Cruz v TD Bank, N.A., (22 NY3d 61, 66 [2013]), petitioners argue that EIPA claims are not subject to arbitration and that the exclusive remedy for a judgment debtor alleging that a bank has violated the EIPA is a special proceeding under CPLR article 52. We agree with Supreme Court that Cruz "concerned only the alternatives of an Article 52 special proceeding and a plenary action, not whether arbitration of a judgment-debtor's EIPA claims against a bank was unavailable," particularly against the backdrop of federal and state law strongly favoring enforcement of arbitration agreements (Acevedo v Citibank, N.A., 83 Misc 3d 706, 708 [Sup Ct, Bronx County 2024]).
Petitioners' argument that arbitration goes against the judicial efficiency intended by EIPA and could unfairly deprive a judgment-debtor of a remedy only available in court is unpersuasive. As Supreme Court pointed out, an arbitration proceeding is not "the kind of back-end litigation with which the Cruz Court and the Legislature were concerned" (id. at 735). As to remedies that might not be available through arbitration, that issue is hypothetical here, as petitioners do not contest that the relief they seek — the return/release of funds restrained by Citibank, the return of fees charged by Citibank in violation of the EIPA, and an injunction enjoining Citibank from turning over exempt funds to judgment-creditors — is available through arbitration.
Moreover, Supreme Court properly held that Federal Arbitration Act applied to the agreements between the parties since the parties agreed to arbitrate the disputes at issue (see Wu v Uber Tech., Inc., 43 NY3d 288 [2024]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025